## Stackhouse's Estate

Before Lamorelle, P. J., Van Dusen, Stearne, Sinkler, and Klein, JJ., and Marx, P. J., twenty-third judicial district.

324

*Joseph R. Wilson*, for exceptants.
*Ulysses S. Koons*, contra.

STEARNE, J., May 31, 1935.—Twelve of the seventeen exceptions to the adjudication relate to the finding by the auditing judge that the decedent, by a valid gift mortis causa, gave claimants certain of her jewelry. We are not convinced that the auditing judge erred. A curious situation appears in the record. The claimants, with ample corroboration, presented a clear case of a valid gift inter vivos. However, one of the executors in the estate, who was also counsel for the executors, took the witness stand, and testified that one of the claimants (who acted for both claimants) admitted to the witness that the gift was a qualified one, in that it was only to be absolute in the event that decedent subsequently died. This procedure, of course, was improper. The attorney knew that he would be required to testify and under such circumstances he should have withdrawn as counsel: Smith, to use, v. Smith, 294 Pa. 347. The auditing judge, however,

chose to accept the attorney's evidence as true, despite all the other evidence to the contrary. Fortified with a finding of fact, based solely upon his own evidence as to admissions by claimant, the learned counsel now seeks, by the exceptions, to attack the validity of the donatio mortis causa.

The technical difference between a gift inter vivos and a donatio mortis causa is well expressed by Mr. Justice Drew in the recent case of Elliott's Estate, 312 Pa. 493. It is succinctly stated in the syllabi of that case as follows:

"To establish a gift inter vivos there must appear an intention to make the donation then and there, and an actual or constructive delivery at the same time, of a nature sufficient to divest the giver of all dominion, and invest the recipient therewith.

"A gift causa mortis differs from other gifts only in that it is made when the donor believes he is about to die, and is revocable should he survive."

Exceptants maintain that the evidence reveals that the gift was not made in contemplation of death and therefore failed. Counsel argues that this decedent did not realize that she was about to die. We have read the testimony with considerable care. Decedent contracted pneumonia and was ordered to bed by her family physician on December 18th. She died on December 23rd at about 11.45 A. M. While apparently there was optimism concerning a recovery, nevertheless, a reading of the evidence discloses that from at least 2 days prior to the death (the day of the alleged gift) it was realized by the physician and those in attendance that decedent was critically ill, although it was not contemplated that her passing was so imminent. Considering all the testimony it seems impossible to hold that in the circumstances the gift was not in apprehension of death, nor that it was not prompted by the belief that her death was impending. True it is not revealed what was actually in decedent's

mind as to the probability of her death, but there certainly was strong evidence that she could not be otherwise than in apprehension.

The remaining five exceptions relate to the rulings of the auditing judge on admission of evidence. These exceptions were not pressed at the argument. The rulings are so obviously correct that the exceptions do not merit discussion.

All exceptions are dismissed and the adjudication is confirmed absolutely.